### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THOMAS J. JEFFERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-11-1237- HE |
| | ) | |
| REDLANDS COMMUNITY | ) | |
| COLLEGE BOARD OF REGENTS, | ) | |
| ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff Thomas Jeffers claims defendants wrongfully terminated him in violation of federal and state law. His amended complaint asserts claims against defendant Redlands Community College Board of Regents ("Redlands") under the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), and Oklahoma public policy.[1] Additionally, the complaint alleges defendant Kim Andrade violated plaintiff's FMLA rights. Both defendants have filed motions to dismiss plaintiff's amended complaint. The court concludes both motions should be denied.

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim when a party fails "to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and those allegations, and any reasonable inferences that might be drawn from them, are

---

[1] The Oklahoma Supreme Court created an exception to its general rule of at-will employment in Burk v. K-Mart Corp., 770 P.2d 24 (1989), recognizing a cause of action for wrongful discharge in violation of public policy. The claim is now commonly referred to as a "Burk tort." Wilburn v. Mid-South Health Dev., Inc., 343 F.3d 1274, 1277, n.2 (10th Cir.2003).

construed in the light most favorable to the nonmoving party. Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010). The question is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

*1. Defendant Redlands*

Defendant Redlands challenges only plaintiff's Burk-tort claims against it. Redlands argues plaintiff's Burk-tort claims of disability discrimination and retaliation should be dismissed because the Oklahoma Anti Discrimination Act ("OADA") provides the exclusive statutory remedy for such claims.[2] It relies primarily on Collier v. Insignia Fin. Group, 981 P.2d 321, 326027 (Okla. 1999), where the Oklahoma Supreme Court stated that a Burk-tort claim would have been unavailable to victims of sexual harassment if the OADA had afforded those victims the same statutory remedies it provided to victims of disability discrimination. However, the Oklahoma Supreme Court has previously held that the OADA is not the exclusive remedy for disability discrimination victims and that those victims may seek redress under Burk. Atkinson v. Halliburton Co., 905 P.2d 772, 774 (Okla. 1995). Defendant's motion neither mentions the Atkinson holding nor cites to any authority expressly overturning it, and this court has assumed Atkinson's continuing applicability. *See* Lindsey v. Brinker Int'l Payroll Co., No. CIV-11-0396-HE, 2011 WL 2493047, at *2 (W.D.

---

[2]*The present action was filed on October 28, 2011, before the "new" OADA went into effect on November 1, 2011. Thus, the exclusive remedy provision in the current version of 25 Okla. Stat. § 1101(A) (2011) is not implicated here.*

Okla. June 22, 2011). Therefore, plaintiff may pursue disability discrimination and retaliation claims under Burk.

Redlands next argues the plaintiff cannot assert a retaliation claim under Burk because the Oklahoma Whistleblower Act, 74 Okla. Stat. § 840-2.5, provides an adequate remedy. Defendant contends plaintiff's request for accommodation brings his retaliation claim within the purview of the Whistleblower Act. *See* Redlands's Motion to Dismiss, p.5 [Doc. #11]. The Whistleblower Act does provide a sufficient and exclusive remedy for state employees who are retaliated against for reporting wrongful governmental activities. *See* Shephard v. CompSource Okla., 209 P.3d 288, 292 (Okla. 2009). However, requesting an accommodation for a disability is not whistleblowing, and the Whistleblower Act does not preclude plaintiff from asserting a Burk tort for disability retaliation.

## *2. Defendant Andrade*

It is "unlawful for any *employer* to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided [by the FMLA]." 29 U.S.C. § 2615(a)(1) (emphasis added). The FMLA right at issue here is plaintiff's right to take up to twelve weeks of leave during a twelve-month period "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." *Id.* § 2612(a)(1)(D). Ms. Andrade seeks to dismiss plaintiff's claim against her on the basis that she is not an "employer" under the FMLA and on the basis the allegations in the amended

complaint are insufficient to support an FMLA interference claim.[3]

The FMLA provides the following definition of an employer:

(A) In general

The term "employer"--

    (i) means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year;

    (ii) includes--

        (I) any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer; and

        (II) any successor in interest of an employer;

    (iii) includes any "public agency", as defined in section 203(x) of this title; and

    (iv) includes the Government Accountability Office and the Library of Congress.

(B) Public agency

For purposes of subparagraph (A)(iii), a public agency shall be considered to be a person engaged in commerce or in an industry or activity affecting commerce.

29 U.S.C. § 2611(4). Defendant argues the employee-liability clause of subsection (ii)(I) only applies to employees of private employers and not to employees of public agency's.

---

[3]*There are two causes of action under the FMLA: interference and retaliation. See* Twigg v. Hawker Beechcraft Corp., *659 F.3d 987, 1004, 1006 (10th Cir. 2011). The amended complaint is not clear which is being asserted. Defendant's motion seeks dismissal only as to an interference claim, and plaintiff's response merely refutes that motion. Whether an FMLA retaliation claim has been properly stated is not at issue here.*

There is a split among the courts of appeal on this issue . *Compare* Mitchell v. Chapman, 343 F.3d 811, 832 (6th Cir. 2003), *and* Wascura v. Carver, 169 F.3d 683, 687 (11th Cir. 1999) (holding individual public employees are not "employers" under the FMLA), *with* Modica v. Taylor, 465 F.3d 174, 184-86 (5th Cir. 2006), *and* Darby v. Bratch, 287 F.3d 673, 680-81 (8th Cir. 2002) (holding the opposite).  The Tenth Circuit has not yet squarely addressed it.[4]  The court concludes the interpretation by the Fifth and Eighth Circuits is more persuasive as to the reach of the statute, principally because the statute's definition of "employer" is inclusive and subsections (ii) and (iii) should be read together.  Therefore, plaintiff has stated an FMLA claim against defendant Andrade.

The complaint alleges sufficient facts to state a plausible claim.  An FMLA interference claim requires the plaintiff to prove he was entitled to FMLA leave and that the employer interfered with his right to take that leave.  Twigg, 659 F.3d at 1006.  This is not a strict-liability statute, however, and the employer will not be liable if it would have taken the same action regardless of the employee's request for FMLA leave.  *Id.* (citations omitted).  But the employer bears the burden of proving its interference was unrelated to FMLA leave.  *See id.* at 1006-07 (citations omitted).  In the present case, the amended

---

[4]*Two published cases from the Tenth Circuit have mentioned this issue, but neither squarely addressed it.  In* Conforth v. Univ. of Okla. Bd. of Regents, *263 F.3d 1129 (10th Cir. 2001), the court concluded that the Eleventh Amendment does not bar a claim for damages under the FMLA against a public official in his or her individual capacity, but the court did not reach the issue presented here.  In* Gray v. Baker, *399 F.3d 1241 (10th Cir. 2005), the court declined to exercise interlocutory appellate jurisdiction over the issue presented here.  In both cases, the district courts apparently concluded or assumed an employee of a public agency could be an "employer" within the meaning of § 2611(4).*

complaint alleges that plaintiff was entitled to take FMLA leave, that he submitted a written request for leave "to attend intermittent medical appointments for treatment of ears and other conditions" on July 6, 2011, and that Ms. Andrade was present and participated in a subsequent meeting that same day in which plaintiff was "harassed and badgered" and constructively discharged. Amended Complaint, ¶¶ 6, 12-13 [Doc. #9]. This discharge interfered with plaintiff's exercise of his FMLA leave, and he has therefore stated a claim for FMLA interference against defendant Andrade.

Defendants' motions to dismiss plaintiff's amended complaint [Doc. Nos. 10 & 11] are **DENIED**. Defendant Redlands's motion to dismiss plaintiff's original complaint [Doc. #8] is **STRICKEN** as **MOOT**.

**IT IS SO ORDERED**.

Dated this 18th day of January, 2012.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE